United States District Court
Southern District of Texas
**ENTERED**
May 20, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

MCKINSTRY CO., LLC, §
§
*Plaintiff,* §
VS. §
§
NUCOR INSULATED PANEL GROUP, LLC, §    CIVIL ACTION NO. 4:24-cv-3806
d/b/a METL-SPAN; NCI GROUP, INC., d/b/a §
METL-SPAN; and CORNERSTONE §
BUILDING BRANDS, INC., d/b/a METL- §
SPAN, §
§
*Defendants.* §

## ORDER

Pending before this Court is McKinstry Co., LLC's ("Plaintiff") Motion to Remand. (Doc. No. 8). Nucor Insulated Panel Group, LLC ("Nucor"), NCI Group, Inc. ("NCI"), and Cornerstone Building Brands ("Cornerstone"; collectively, with Nucor and NCI, "Defendants") responded in opposition. (Doc. No. 11). Plaintiff filed a reply, (Doc. No. 13), and Defendants filed a sur-reply, (Doc. No. 14).

Also pending before this Court is Defendants' Motion to Amend Notice of Removal, (Doc. No. 12), urging the Court to allow them to amend their Notice of Removal if it deems the Notice deficient. Plaintiff did not respond to the motion, and the time to do so has passed. Having considered the motions, relevant pleadings, and applicable law, the Court **GRANTS** the Motion to Amend Notice of Removal, (Doc. No. 12), and **DENIES** the Motion to Remand, (Doc. No. 8).

## I.    Background

This case arises out of a construction dispute. In 2016, Plaintiff, a citizen of the State of Washington,[1] was engaged as a subcontractor to provide and install insulated metal panels in a construction project in Seattle, Washington. (Doc. No. 1-2 at 3). In turn, Plaintiff purchased custom-made metal panels from Defendants, who, directly or through affiliates or subsidiaries, manufacture, market, and sell such metal panels for use in walls and roofs. (*Id.* 2–3). A few years after Plaintiff installed the panels, the general contractor notified Plaintiff that the panels were "exhibiting blistering, bubbling, and warping." (*Id.* at 4). Per the indemnification provision contained in the Plaintiff's purchase order from Defendants, Plaintiff requested indemnification and a defense, but neither were provided. (*Id.* at 5). Eventually, the construction project owner initiated a suit in Superior Court in King County, Washington, against the general contractor for failing to repair the panels. (*Id.*). That general contractor impleaded Plaintiff, and Plaintiff, in turn, impleaded Defendants. (*Id.* at 6).

Defendants, however, successfully challenged the venue by invoking the forum-selection clause in the Plaintiff–Defendants contract, which reads:

> Buyer [Plaintiff] hereby acknowledges, consents, stipulates and agrees that any and all claims, actions, proceedings or causes of action relating to the validity, performance, interpretation, and/or enforcement hereof shall be submitted exclusively to a court of competent jurisdiction in Harris County, Texas. Buyer irrevocably waives any claims that litigation brought in any such court has been brought in an inconvenient forum or improper forum.

(Doc. No. 8-1 at 3). The Washington court dismissed the suit without prejudice, (Doc. No. 8 at 4), and Plaintiff subsequently filed suit in the 333rd Judicial District Court of Harris County, Texas,

---

[1] Plaintiff's Rule 7.1 Disclosure Statement admits that Plaintiff's "sole member, an individual, is a citizen of the State of Washington," making it also a citizen of the State of Washington. (Doc. No. 9 at 1). Defendants also do not dispute it. *See* (Doc. No. 1 at 3) (Notice of Removal) ("Plaintiff McKinstry Co., LLC is a citizen of the State of Washington.").

(Doc. No. 1-2). Defendants timely removed the case to this Court, invoking diversity jurisdiction. (Doc. No. 1).

## II.    Legal Standard

Federal courts have limited jurisdiction, so any doubts as to whether federal jurisdiction is proper are resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, the removing party bears the burden of establishing that a state-court suit is removable to federal court. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995). When evaluating a motion to remand, all factual allegations are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved for the plaintiff. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). Any doubts about the propriety of removal are to be resolved in favor of remand. *Acuna*, 200 F.3d at 339. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

A defendant may typically remove a civil action filed in state court to federal court if the federal court would have had original subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). When a defendant desires to remove a case to federal court, he is required to file a notice of removal in the federal district court for the district and division within which the state court action is pending. 28 U.S.C. § 1446(a). The notice of removal must contain a "short and plain statement of the ground for removal, together with a copy of all process, pleadings, and orders" from the state court. *Id.* To determine whether jurisdiction is present for removal, courts "consider the claims in the state court petition as they existed at the time of removal." *Manguno*, 276 F.3d at 723.

### III.    Analysis

In its Motion to Remand, Plaintiff makes two arguments: (1) Defendants failed to adequately plead their citizenships at the time of both the filing of the suit and removal; and (2) there is evidence that NCI's principal place of business is in Texas, barring removal under 28 U.S.C. § 1441(b)(2). In its reply in support of its motion, Plaintiff introduces a new argument: that judicial estoppel prevents Defendants from claiming that their principal place of business is not in Texas. These are taken in turn.

#### A.  Adequacy of Defendants' Notice of Removal

Plaintiff challenges the adequacy of Defendants' Notice of Removal on three grounds. First, Plaintiff argues that Defendants' use of the present tense verb "is" in pleading their citizenship means "they only assert facts for citizenship at the time of the Notice of Removal filing." (Doc. No. 8 at 9). Second, Plaintiff argues that, in attempting to plead their citizenship at the time of *filing*, not removal, Defendants improperly rely on an allegation in the negative—that they were *not* citizens of Texas at the time of or immediately prior to the filing and service of said lawsuit. (*Id.* at 10). Third, Plaintiff argues that Defendants pleaded the jurisdictional facts for the wrong parent company and wrong LLC entity, and thus, failed to demonstrate the jurisdictional facts for the actual defendant-entity in the case. (*Id.*).

It is true that "a removing party must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993). It is also true that "citizenship must be '*distinctly* and *affirmatively* alleged," and not in the negative. *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (emphasis in original). Moreover, Defendants even admit that, by a "scrivener's error," they stated the citizenship of a Nucor Insulated *Products* Group, LLC, rather than of Nucor

Insulated *Panel* Group, LLC—the actual defendant in the suit—and submit an affidavit of the drafting counsel admitting to the error. (Doc. No. 11 at 7); (Doc. No. 11-3).

Nevertheless, as the Fifth Circuit has stated, Defendants' defects such as "failure to allege, in its notice of removal, the plaintiff's citizenship at the time the original petition was filed constitutes a procedural, rather than jurisdictional defect." *Allstate*, 8 F.3d at 221. That is because such defects go to sufficiency of pleadings, not whether the Court actually has jurisdiction. Such "[i]rregularities or defects in the removal procedure . . . ordinarily do not provide grounds for remand. They may be cured by amendment in federal court." *Id.* at 221 n.4 (quoting 14A CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 3739, at 575–75 (2d ed. 1985)) (ellipses in original).

Here, the Court concludes that an amendment of the Notice of Removal, rather than remand, is the proper course of action. The proposed Amended Notice of Removal, (Doc. No. 12-1), attached to the Motion to Amend, (Doc. No. 12), cures all of those defects. More importantly, as explained below, here, "although [Defendants] failed to conclusively *demonstrate* diversity [and citizenship], the record discloses no dispute that it in fact *existed*" and that no defendant is a forum-state defendant. *Allstate*, 8 F.3d at 221 (emphasis in original). Consequently, the Court **GRANTS** the Motion to Amend the Notice of Removal, (Doc. No. 12), and the Clerk of Court is instructed to file the Amended Notice of Removal, (Doc. No. 12-1), that is attached to the Motion to Remand, (Doc. No. 12).

## B. NCI's Principal Place of Business

Next, Plaintiff argues that "there is ample evidence NCI has its principal place of business in Texas." (Doc. No. 8 at 11). A civil action like this one, "otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title[,] may not be removed if any of the parties in

interest properly joined and served as defendants is a citizen of the State in which such action is

brought." 28 U.S.C. § 1441(b)(2). "A corporation shall be deemed to be a citizen of every State

... by which it has been incorporated and of the State ... where it has its principal place of

business." *Id.* at § 1332(c). NCI is a corporation. If Plaintiff is correct, by virtue of NCI's forum-

state citizenship, this action would not be removable.

In response, Defendants submit the sworn affidavit of Michelle Severini, the Vice

President—Tax for Cornerstone, who swears that she has "personal knowledge of the corporate

structure, organization, and businesses of Cornerstone and its affiliates and subsidiary entities,

including NCI Group, Inc."[2] (Doc. No. 11-2 at 1). The affidavit states as follows:

> NCI Group, Inc. is a corporation organized in and under the laws of Nevada and in
> existence under the laws of Nevada continuously since 1993. Since at least
> November 15, 2022, through the date of this Declaration [November 25, 2024],
> NCI Group, Inc.'s executive headquarters and designated principal office have been
> continuously located at 5020 Weston Parkway, Cary, North Carolina.

(*Id.* at 1–2).

Plaintiff's evidence does not contradict that declaration. First, Plaintiff points to the Texas

Secretary of State business organization inquiry, which lists a Houston address in the field for

"Address." (Doc. No. 8-5 at 2). That a company has a location in the state that it prefers to list as

the address with that state's Secretary of State has little bearing on whether that location is the

principal place of business. The field only specifies "Address," not "Address of Principal Place of

Business." Second, Plaintiff points to a Certificate of Merger between A&S Building Systems, L.P.

and NCI Group, L.P., which left NCI as the surviving entity. (Doc. No. 8-7). The certificate

expressly states that "the principal office of the Surviving Entity [NCI] ... is 10943 N. Sam.

Houston Parkway West, Houston, Texas 77064." (*Id.* at 2). That certificate, however, is from 2007

---

[2] Cornerstone is the parent company and sole shareholder of NCI. (Doc. No. 11-2 at 3).

and does not contradict Defendants' evidence, which shows that North Carolina was NCI's

principal place of business since 2022. Lastly, Plaintiff points to a case law, in which the Court of

Appeals of Wisconsin wrote that "NCI's principal place of business is undisputedly in Texas."

*Wargaski v. NCI Grp., Inc.*, 2020 WI App 6, at *4, 390 Wis. 2d 426, 939 N.W.2d 429. That opinion,

filed on December 4, 2019, also fails to contradict Defendants' evidence that NCI's principal place

of business was in North Carolina since 2022.

### C. Judicial Estoppel

Plaintiff's reply does not address Defendants' evidence or their Motion to Amend, but

instead raises a new argument: that "Nucor should . . . be estopped from now claiming it has no

principal place of business in Texas." (Doc. No. 13 at 2). Generally, "[a]rguments raised for the

first time in reply briefs are forfeited." *Am. Guar. & Liab. Ins. Co. v. U.S. Fire Ins. Co.*, 255 F.

Supp. 3d 677, 691 (S.D. Tex. 2017), *aff'd sub nom. Satterfield & Pontikes Constr., Inc. v. U.S. Fire

Ins. Co.*, 898 F.3d 574 (5th Cir. 2018). Nevertheless, the Court considers—and ultimately rejects—

the argument.

For judicial estoppel to apply, the following elements must be met: (1) the party against

whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a

prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently.

*Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011).

Here, Defendants have not asserted a legal position that is plainly inconsistent with a prior

position, and thus, judicial estoppel does not apply. The prior position that Plaintiff claims is

inconsistent is Nucor's assertion in the original Washington state litigation that its "principal

offices are located at 1720 Lakepointe Drive, Suite 101, Lewisville, Texas." (Doc. No. 8-2).

According to Plaintiff, that means Nucor can no longer contend that its principal place of business

7

is not in Texas. Dooming Plaintiff's claim, however, is that Nucor has never contended that its principal place of business is *not* in Texas. In its Notice of Removal, Nucor alleged only that it "is a Delaware limited liability company whose sole member is Nucor Insulated Panel Group, Inc., a Delaware corporation with its principal place of business in the State of North Carolina." (Doc. No. 1 at 2). That only speaks to Nucor Insulated Panel Group, Inc.'s principal place of business, not Nucor's. Defendants' affidavits submitted to this Court are also silent as to Nucor's principal place of business.

Defendants' silence as to Nucor's principal place of business makes sense because, while the principal place of business is relevant to the citizenship of a *corporation*, it is not relevant to an *LLC*'s citizenship. *Megalomedia Inc. v. Phila. Indemnity Ins. Co.*, 115 F.4th 657, 660 (5th Cir. 2024). The citizenship of an LLC is determined by the citizenship of each of its members, *Greenwich Ins. Co. v. Capsco Indus., Inc.*, 934 F.3d 419, 422 (5th Cir. 2019), which, here, is Delaware and North Carolina, (Doc. No. 11-1 at 1–2). Therefore, not only did Defendants not take an inconsistent position in this litigation from the prior one, but even if they had and were estopped from doing so, that would also make no difference as to this Motion to Remand.

## IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Amend Notice of Removal, (Doc. No. 12), and **DENIES** Plaintiff's Motion to Remand, (Doc. No. 8). The Clerk of Court is instructed to file the Amended Notice of Removal as noted above.

It is so ordered.

Signed on this the __20th__ day of May, 2025.

Andrew S. Hanen
United States District Judge

8